**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BETTY STAMPLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-5628-CJB-SS** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Betty Stampley ("Stampley"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1. For the reasons described below, it is recommended that Stampley's complaint be dismissed without prejudice for failure to prosecute.

**PROCEDURAL HISTORY**

On January 11, 2007, Stampley submitted an application for benefits. R. 71. The Social Security Administration denied the application. R. 35. After a hearing, an Administrative Law Judge ("ALJ") found that she was not under a disability, as defined by the Social Security Act, at any time from October 30, 2000, the alleged onset date, through March 31, 2005, the date last insured. R. 14. On June 19, 2009, the Appeals Council denied her request for review. R. 1.

On August 17, 2009, Stampley filed a complaint for review. Rec. doc. 1. Stampley is not represented by counsel, and she was not represented by counsel during the administrative proceedings. On December 12, 2009, the defendant, Michael J. Astrue, Commissioner of the Social

Security Administration ("Commissioner"), filed an answer and the administrative record. Rec. docs. 12 and 13. Stampley was ordered to file her motion for summary judgment by January 22, 2010. Rec. doc. 11. She did not comply with this order, and she did not request an extension. Rec. doc. 11. On February 22, 2010, Stampley was ordered to file her motion for summary judgment by March 23, 2010. The order stated that:

> Pursuant to Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure, a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Stampley will be given a further opportunity to file her motion for summary judgment, if she fails to do so it will be recommended that her complaint be dismissed with prejudice.

Rec. doc. 14. Stampley did not comply with the order.

## **FAILURE TO PROSECUTE**

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

Stampley is not represented. The responsibility for the failure to comply with the court's

orders rests exclusively with her. She has not complied with two orders requiring her to file a motion for summary judgment. She has not sought any extensions. She has made no attempt to explain her failure to comply with these orders.[1] There is a clear record of delay without excuse.

## ADMINISTRATIVE PROCEEDING

The Commissioner arranged for two consultative examinations. On June 26, 2007, Stampley was seen by Barry Tillman, M.D.[2] He reported that: (1) she was 61 years old; (2) she moved to Vidalia, Louisiana, after Hurricane Katrina; (3) she complained of pain in her left shoulder, neck, left arm, left hip, thigh and knee. An x-ray of the left shoulder did not reveal any abnormalities. She had a limp due to knee pain. Dr. Tillman reported that there were various aches and pains without any corresponding findings on examination. R. 179-80. On July 22, 2007, she was seen by L. Wilbourn, Ph.D., a psychologist, for a mental status examination. He concluded that: (1) Stampley functioned in the normal range; (2) she presented symptoms of anxiety and depression; (3) she was in need of mental health treatment; (4) her condition could change within the next twelve months; and (5) her ability to perform routine, work-related tasks seemed doubtful. R. 181-84.

On February 2, 2009, there was a hearing before an ALJ. R. 15-32. Stampley and her husband testified. She testified that she worked for the School Board in New Orleans until 2002 as a secretary. R. 22-23. Before that she had worked as an accounting clerk for 20 to 30 years. R. 22-23. She testified that in the period prior to 2005 she could return to accounting and secretarial work but it was hard for a person of her age to obtain such a job. R. 23. She decided to start her retirement and stay home. R. 23. She testified that after Hurricane Katrina, she became depressed. R. 24. She reported that before March, 2005, she was hit while riding a bike. Since this accident,

---

[1] Stampley testified that she sought disability benefits because she did not have any health insurance. R. 30-31. In 2010, Stampley turned 64. There was discussion between the ALJ and Stampley on how she might be eligible for Medicare before she turned 65 because of the benefits she was receiving at the time of the hearing. R. 31-32.

[2] Dr. Tillman's speciality is not identified. R. 179.

3

she experienced pain in her leg. R. 25. The ALJ found that:

> [T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained above.

R. 13.

In addition to Stampley's failure to prosecute this action, the record demonstrates that there is substantial evidence to support the ALJ's decision and she applied the appropriate legal standards in evaluating the evidence. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Betty Stampley's complaint be dismissed without prejudice for failure to prosecute.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of May, 2010.

                                                  **SALLY SHUSHAN**
                                          **United States Magistrate Judge**